UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

3:17 cv 68

John A. Olagues, Pro Se
413 Sauve Rd.
River Ridge, Jefferson Parish, La. 70123
olagues@gmail.com
504-305-4071
  and
Ray Wollney, Pro Se
8331 Whiskey Preserve Circle #421
Fort Myers, Lee County, Fl. 33919
rwollney1@comcast.net
239-690-7754
Shareholders of Intersil Corporation

FILED
CHARLOTTE, NC

FEB 14 2017

US District Court
Western District of NC

Plaintiffs

Private Right of Action
Under Section 16 b of the
Securities Act of 1934
CIVIL ACTION NO.

Versus

Jerome Peribere, President and CEO
2415 Cascade Pointe Blvd.
Charlotte, Mecklenburg County, N.C. 28208
980-221-3235
www.sealedair.com
  and
Sealed Air Corporation
2415 Cascade Pointe Blvd.
Charlotte, Mecklenburg County N.C. 28208
980-221-3235
www.sealedair.com

Defendants

1

Case 3:17-cv-00068-RJC-DCK   Document 1   Filed 02/14/17   Page 1 of 7

## COMPLAINT
## JURY TRIAL DEMANDED

1. Plaintiffs, allege, based upon knowledge with respect to the facts relating to defendants upon information and belief with respect to all other allegations, as follows:

## INTRODUCTION

2. This action is brought pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), [15 U.S.C. 78p(b)] ("Section 16(b)") in order to recover short-swing insider trading profits realized by defendant Jerome Peribere while he was a statutory insider of Sealed Air Corporation.

3. Jerome Peribere, at all relevant times was an officer of Sealed Air Corporation within the meaning of Section 16(b) of the 1934 Act.

4. Section 16(b) requires company insiders to disgorge any profits earned by Section 16 (b) insiders through short-swing insider trading (i.e., non-exempt purchases and sales, or non-exempt sales and purchases, of the company's securities, within less than a six month period). Actual misuse of inside information is not a necessary element of the claim although the statute embodies a presumption that statutory insiders have access to such inside information.

## PARTIES

- Plaintiff, John Olagues is a shareholder of Sealed Air Corporation
  Plaintiff, Ray Wollney is a shareholder of Sealed Air Corporation

- Defendant, Jerome Peribere, President and CEO Sealed Air Corporation
- Defendant, Sealed Air Corporation

2

5. Sealed Air Common Stock is registered with the SEC pursuant to Section 12 of the Exchange Act and the Common Stock trades on the NYSE under the symbol SEE.

6. Sealed Air Corporation is a necessary party as this action is brought by Plaintiffs in order to obtain a recovery for the firm, Sealed Air Corporation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa].

8. Venue is properly laid in this District because Defendant Jerome Peribere is located in this District.

## SUBSTANTIVE ALLEGATIONS

9. The transactions shown on Form 4s filed with the SEC by the defendant are listed below: The attached Document (Exhibit A) from SEC Form 4.com shows the relevant filings by Jerome Peribere, who was an officer when the purchase and disposition were made.

| Shares Purchased | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 13,096 | 11/19/14 | $38.17 | 13,096 | 2/16/15 | $46.05 | $103,196 |

## ALLEGATIONS AS TO DEMAND

10. Plaintiffs notified Sealed Air Corp. of the facts alleged above (the "Demand"). Neither Sealed Air Corp. nor its attorneys responded to our request for disgorgement of the profits from defendant and refused to file suit to recover such profits totaling $103,196 after notices were received by Sealed Air Corp.

3

11. Plaintiffs claim that, among other facts, there was no proper approval of the dispositions from Defendant to Sealed AirCorp. and there were no exemptions from Section 16 b of the 1934 Securities Act. The dispositions to Sealed Air Corp. could not be exempted by SEC Rules since the specific terms of the dispositions were not approved in advance by the Compensation Committee or the Board of Directors.

12. Also, none of the dispositions to the issuer were "automatic" as required to achieve an exemption under 16 b-3(e) as the approval documents give the choice as to the payment of the tax liability to the Company with the insider having no discretion. See below:

### Sealed Air 2005 Contingent Stock Plan

Section 18. *Tax Withholding.* Each Award Grant incident to the Plan shall make appropriate provisions for the withholding of any federal, state or local taxes and any other charges that may be required by law to be withheld by reason of an Award, the issuance of Common Stock under the Plan or the reacquisition of such Common Stock by the Corporation. The Corporation may cause all or any portion of any tax withholding obligation or other charges described in the preceding sentence to be satisfied by the Corporation withholding from the shares of Common Stock covered by an Award a number of shares (rounded down to the nearest whole share) with an aggregate Fair Market Value on the date that such withholding obligation arises equal to the aggregate amount of such taxes and other charges. Regardless of any other provision of the Plan, the Corporation may refuse to issue or to deliver to the Participant certificates or a book entry statement representing shares covered by an Award until the Participant to whom the Award was made complies with any withholding obligation.

13. See the Q and A, below, to and from the Staff of the SEC..........Question 123.16 from May 23, 2007

**Question:** Would approval of a grant that by its terms provides for **automatic** reloads satisfy the specificity of approval requirements under Rule 16b-3(d) for the reload grants?

**Answer:** Yes. Approval of a grant that by its terms provides for **automatic** reloads would satisfy the specificity of approval requirements under Rule 16b-3(d) for the reload grants, unless the **automatic** reload feature permitted the reload grants to be withheld by the issuer on a discretionary basis.

4

The same result applies under Rule 16b-3(e) where the **automatic** feature is a tax- or exercise-withholding right. [May 23, 2007]

14. All of the Shares Purchased above were market transactions non exempt from section 16 b. The share disposition to Sealed Air Corp.was for alleged tax withholdings. The disposition was not approved with the required specificity to achieve an exemption from Section 16 (b) via of SEC Rule 16 b-3(e). The disposition by the defendant was for withholding of the alleged tax liabilities.

15. Also, the tax liability was deferred past the vesting date pursuant to IRC 83 c-3, making it such that on the day of the stock disposition, there could be no exemption via Rule 16 b-3(e) for such premature disposition.

16. Deferral of the income calculation and tax liability for the above transaction is confirmed by IRC 83 c-3 and interpretations of it as shown below.

**Sales which may give rise to suit under section 16(b) of the Securities Exchange Act of 1934**
*So long as the sale of property at a profit could subject a person to suit under section 16(b) of the Securities Exchange Act of 1934, such person's rights in such property are—*

*(A) subject to a substantial risk of forfeiture, and*

*(B) not transferable.*

IRC 83 c-3 makes a receipt of shares from vesting of PSUs, Restricted stock, DSUs, etc. subject to forfeiture and non transferable and therefore the the tax liability was deferred to when a sale was not subject to a risk of forfeiture and was transferable.

**17. Below is the paragraph from an IRS Bulletin of March 17, 2014**

*Specifically, practitioners asked whether the **purchase of shares** in a transaction not exempt from section 16(b) of the Securities Exchange Act of 1934 **prior to the exercise of a stock option** that would not otherwise give rise to section 16(b) liability would defer taxation of the stock option exercise. Treasury and the IRS do not believe that such a non-exempt purchase of shares would defer taxation of the subsequent stock option exercise. This result is consistent with Example 3 of*

5

§ 1.83–3(j)(2). In response to these requests for clarification, Treasury and the IRS have revised Example 4 of proposed regulation § 1.83–3(j)(2) to address the situation raised

18. Few practitioners understand IRC 83 c-(3) and are confused by the IRS examples. They do not understand the IRS clarification and believe that IRC 83(c) does not apply in any cases.

19. Judge Berzon of the Ninth Circuit Court of Appeals in Strom v. U.S. illustrates in the verbatim quote below, that income calculation and tax liability is deferred when there is a non exempt purchase within 6 months prior to an exercise of ESOs at a price lower than the stock price on the day of exercise. This concept also applies to vesting of Restricted stock, DSUs and RSUs.

BERZON, Circuit Judge:

*Ordinarily, when an employee is compensated with nonstatutory stock options that do not have a readily ascertainable fair market value at the time of the grant, the employee realizes income for tax purposes upon exercising the options.1 See 26 U.S.C. §§ 83(a) & (e)(3)-(e)(4); 26 C.F.R. § 1.83-7(a). The taxpayer is taxed on an amount equal to the fair market value of the stock on the date of exercise minus the option price paid for the stock. See 26 C.F.R. §1.83-1(a)(1); id. §1.83- 7(a)*

*Internal Revenue Code § 83(c)(3), however, allows taxpayers to defer recognition and valuation of income so long as a profitable sale of the stock acquired through the exercise of the options "could subject a person to suit under section 16(b) of the Securities Exchange Act of 1934." 26 U.S.C. § 83(c)(3).*

*Section 16(b), in turn, forbids a corporate insider from profiting on a purchase made within six months of a sale (or a sale made within six months of a purchase) of the corporation's stock. See 15 U.S.C. § 78p(b). If a taxpayer is permitted to defer tax consequences under IRC § 83(c)(3), the taxpayer will be later taxed on an amount equal to the fair market value of the stock on the date that § 83(c)(3) no longer applies minus the option price paid for the stock. See 26 U.S.C. § 83(a); 26 C.F.R. § 1.83-1(a)(1).*

20. The Ninth Circuit Ruling is the highest authority on how IRC 83 c-(3) works. Some attorneys claim that certain IRS examples from the IRS refute the Ninth Circuit, the March 17, 2014 Bulletin and the clear language of IRC 83 c-3.

### BASIS FOR INFORMATION AND BELIEF

21. Plaintiff's information and belief is based on, among other things, the SEC Form 4s referenced herein and the violations of the Securities law as described above. Also the SEC Staff opinion expressed in the Q and A, No.123.16 of May 23, 2007 support Plaintiff's view that dispositions must be automatic with no discretion to the issuer.

### PRAYER FOR RELIEF

22. WHEREFORE, Plaintiffs pray for judgment against Defendant in an amount to be determined at trial, plus prejudgment interest, post-judgment interest and such other and further relief as this Court may deem just and proper.

21. The amount to be at a minimum of $103,196 which is the total profit received from non exempt purchases and non exempt dispositions.

We agree to provide the Clerk's Office with any changes to either of our addresses where case-related papers may be served. We understand that our failure to keep a current address on file with the Clerk's Office may result in the dismissal of our case.

Respectfully Submitted

*John Olagues*
John Olagues

DATED this 13th day of February, 2017.

*Ray Wollney*
Ray Wollney