IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:17-cv-00068-RJC-DCK

JOHN A. OLAGUES and RAY WOLLNEY,

    Plaintiffs,

v.

JEROME PERIBERE and SEALED AIR CORPORATION,

    Defendants.

AMENDED ANSWER TO FIRST AMENDED COMPLAINT

Defendants Jerome Peribere and Sealed Air Corporation, pursuant to Rule 15(a)(1)(A) of the Federal Rules Civil Procedure, hereby serve and file their Amended Answer to the Plaintiffs' First Amended Complaint (the "Amended Complaint"), as follows:

## First Defense

The Amended Complaint fails to state a claim against Defendants upon which relief can be granted, and therefore it should be dismissed pursuant to Rule 12(b)(6) and Rule 12(c) of the Federal Rules of Civil Procedure.

## Second Defense

Defendants have not been served with copies of the Amended Complaint, and therefore this action should be dismissed pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

## Third Defense

Defendants respond to the numbered paragraphs of Plaintiffs' Complaint as follows:

1.    The allegations of paragraph 1 are denied, except it is admitted that Plaintiffs purport to bring this action as alleged.

2. The allegations of paragraph 2 are denied, except it is admitted that Plaintiffs purport to bring this action as alleged.

3. The allegations of paragraph 3 are denied, except it is admitted that at all times since September 1, 2012, Defendant Jerome Peribere has been and is an officer of Defendant Sealed Air Corporation.

4. The allegations of paragraph 4 constitute conclusions of law to which no response is required. To the extent any response is required, the allegations of paragraph 4 are denied, except it is admitted that Section 16(b) of the Securities Exchange Act of 1934 (the "1934 Act") is in writing and speaks for itself.

5. Answering the allegations made in an unnumbered paragraph denominated "Parties" at the bottom of page 2 of Plaintiff's Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and the same are therefore denied, except it is admitted that Defendant Jerome Peribere is the president and CEO of Defendant Sealed Air Corporation.

6. The allegations of paragraph 5 are admitted.

7. The allegations of paragraph 6 are denied.

8. The allegations of paragraphs 7 and 8 constitute conclusions of law to which no response is required.

9. The allegations of paragraph 9 are admitted.

10. The allegations of paragraph 10 are denied, except it is admitted that Plaintiffs made demand upon Defendant Sealed Air Corporation, and Sealed Air Corporation rightfully rejected Plaintiffs' demands and rightfully refused to file the requested lawsuit.

11. The allegations of paragraph 11 are denied, except it is admitted that Plaintiffs purport to bring their claims as alleged.

12. The allegations of paragraph 12 are denied, except it is admitted that Section 18 of the Sealed Air 2005 Contingent Stock Plan speaks for itself.

13. Answering the allegations of paragraph 13, it is admitted that Compliance and Disclosure Interpretation ("CDI") 123.16 was issued by the Securities and Exchange Commission on May 23, 2007, and that CDI 123.16 speaks for itself.

14. The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

16. The allegations of paragraph 16 are denied, except it is admitted that IRC Section 83(c)(3) speaks for itself.

17. The allegations of paragraph 17 are denied, except it is admitted that the IRS Bulletin dated March 17, 2014 speaks for itself.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and the same are therefore denied.

19. The allegations of paragraph 19 are denied, except it is admitted that the decision of the Ninth Circuit Court of Appeals in the case of *Strom v. U.S.* is in writing and speaks for itself.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and the same are therefore denied.

21. The allegations of paragraph 21 are denied, except Defendants are without knowledge or information sufficient to form a belief as to what Plaintiffs' information and belief is based on.

22. The allegations of paragraph 22 are denied.

23. The allegations of misnumbered paragraph 21 are denied.

Fourth Defense

The transactions at issue in Plaintiffs' Amended Complaint are exempt from Section 16(b) of the 1934 Act, pursuant to Rule 16b-3 promulgated by the Securities and Exchange Commission under the 1934 Act, and codified at 17 C.F.R. § 240.16b-3. *See also* Note 3 to Rule 16b-3; American Society of Corporate Secretaries, SEC No-Action Letter, 1996 WL 709328 (Dec. 11, 1996); *Donoghue v. Casual Male Retail Group, Inc.*, 427 F. Supp.2d 350 (S.D.N.Y. 2006).

On November 19, 2014, Jerome Peribere acquired 13,096 shares of the common stock of Sealed Air Corporation, at a purchase price of $38.17 per share. On February 16, 2015, Sealed Air Corporation withheld 64,411 shares of its common stock, at $46.05 per share, to cover taxes in connection with the vesting of Jerome Peribere's 2012-2014 Performance Share Units ("PSU") award. The 2012-2014 PSUs were granted to Jerome Peribere as part of the compensation package described in his employment offer letter dated August 28, 2012, a true copy of which is attached hereto as **Exhibit A**. Jerome Peribere's hiring package, including the grant of the 2012-2014 PSUs, was approved on August 13, 2012 by Sealed Air Corporation's Organization and Compensation Committee, a Board committee comprised exclusively of non-employee directors (the "Committee"). The Committee's August 13, 2012 resolution stated as follows:

> "RESOLVED, that this Committee approves a grant to Mr. Peribere of Performance Share Units for the Performance Period of January 1, 2012 through December 31, 2014 ... using the same metrics, goals, exclusions and other terms that were applicable to the Three-Year Long Term Incentive Awards granted on March 27, 2012 to officers and certain other key executives ...."

A partially redacted copy of the above-quoted Committee resolution is attached hereto as **Exhibit B**. Sealed Air Corporation's Schedule 14A disclosures, filed with the Securities and Exchange Commission on April 5, 2013, confirm that the members of the Organization and Compensation

4

Committee were not employees of Sealed Air Corporation during the relevant time period. A true copy of Sealed Air Corporation's Schedule 14A disclosures is attached hereto as **Exhibit C**.

The form of PSU award grant for the 2012-2014 PSUs had been previously authorized by the Committee and was publicly filed by Sealed Air Corporation as Exhibit 10.1 to its Form 10-Q for the quarter ended March 31, 2012. A true copy of Sealed Air Corporation's Form 10-Q, including Exhibit 10.1 thereto, is attached hereto as **Exhibit D**. The PSU award grant form states at page 2, in the fifth bullet point under the heading entitled "Other Important Information," as follows:

> "Units earned at the end of the Performance Period, if any, will be paid in actual shares of Company's common stock, less the number of shares that may be withheld to satisfy applicable withholding taxes."

The authorization to withhold shares to satisfy the tax obligation for the 2012-2014 PSUs is consistent with the provisions of Sealed Air Corporation's 2005 Contingent Stock Plan under which Mr. Peribere's award was granted. Section 18 of the 2005 Contingent Stock Plan provides that:

> Section 18. *Tax Withholding.* Each Award Grant incident to the Plan shall make appropriate provisions for the withholding of any federal, state or local taxes and any other charges that may be required by law to be withheld by reason of an Award, the issuance of Common Stock under the Plan or the reacquisition of such Common Stock by the Corporation. The Corporation may cause all or any portion of any tax withholding obligation or other charges described in the preceding sentence to be satisfied by the Corporation withholding from the shares of Common Stock covered by an Award a number of shares (rounded down to the nearest whole share) with an aggregate amount of such taxes and other charges. Regardless of any other provision of the Plan, the Corporation may refuse to issue or to deliver to the Participant certificates or a book entry statement representing shares covered by an Award until the Participant to whom the Award was made complies with any withholding obligation.

A true copy of Sealed Air Corporation's 2005 Contingent Stock Plan is attached hereto as **Exhibit E**.

5

By reason of the foregoing facts, the transactions at issue in this lawsuit constitute exempt transactions under Rule 16b-3, codified at 17. C.F.R. § 240.16b-3, and therefore this action should be dismissed.

### Fifth Defense

Plaintiffs' action is barred by the doctrine of unclean hands, and therefore it should be dismissed.

### Sixth Defense

Plaintiffs lack standing to maintain this action, and therefore it should be dismissed.

WHEREFORE, Defendants respectfully pray the Court to enter judgment as follows:

1. Ordering that Plaintiffs have and recover nothing from Defendants, and that Plaintiffs' action be dismissed with prejudice;

2. Taxing the costs of this action, including Defendants' attorneys' fees, against Plaintiffs; and

3. Awarding to Defendants such other and further relief as the Court deems just and proper.

This 15th day of May, 2017

/s/ James C. Smith
James C. Smith
NC State Bar No. 8510
Nexsen Pruet, PLLC
227 W. Trade St.
Charlotte, NC 28202
Phone (704) 338-5352
Fax (704) 805-4735
jsmith@nexsenpruet.com
Attorney for Defendants

## VERIFICATION

Jerome Peribere, being first duly sworn, deposes and says that he is the individual defendant named in this action; that he is the president of defendant Sealed Air Corporation and in such capacity has the authority of Sealed Air Corporation to verify the foregoing Amended Answer to First Amended Complaint; that he has read the foregoing Amended Answer to First Amended Complaint and knows the contents thereof; and that the same are true of his own knowledge.

_____
Jerome Peribere

Sworn to and subscribed before me
this 08 day of May, 2017.

_____
Notary Public

My Commission Expires: March 08, 2020

HANNAH KIEFER
Notary Public, North Carolina
Mecklenburg County
My Commission Expires
March 08, 2020

NPCHLT1:1147799.1

## CERTIFICATE OF SERVICE

The undersigned counsel of record for the Defendants hereby certifies that on this date he served copies of the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** upon the Plaintiffs by depositing copies of same in the United States mail, postage prepaid, addressed to:

> John A. Olagues
> 413 Sauve Road
> River Ridge, LA 70123
>
> Ray Wollney
> 8331 Whiskey Preserve Circle #421
> Fort Myers, FL 33919

This 15th day of May, 2017

> /s/ James C. Smith
> James C. Smith