IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:17-cv-00068-RJC-DCK

| | |
|---|---|
| JOHN A. OLAGUES AND RAY WOLLNEY,<br><br>Plaintiffs,<br><br>vs.<br><br>JEROME PERIBERE AND SEALED AIR CORPORATION,<br><br>Defendants. | **NOTICE OF SUBSEQUENTLY DECIDED AUTHORITY** |

Pursuant to Local Rule 7.1(j), Defendants suggest the following subsequently-decided authority is relevant to Defendants' pending motion for judgment on the pleadings, (Doc. No. 10): *J.D. Jordan v. Robert C. Flexton et al.*, No. 17-20346 (5th Cir. Mar. 12, 2018) (the "Opinion"), affirming a District Court dismissal of the plaintiff's lawsuit based upon failure to state a claim. A copy of the Opinion is attached to this Notice as **Exhibit A**.

This Fifth Circuit Court of Appeals Opinion concerned a stock plan that authorized the company to withhold for tax purposes a portion of the shares issued to a participant pursuant to the plan. The *Jordan* defendants asserted that the withholding transactions were exempt under Rule 16b-3(e), which precludes dispositions from treatment as short-swing profit transactions where they are non-discretionary and preapproved.

The Opinion holds that for a disposition of shares to be discretionary, and therefore not exempt under 17 C.F.R. § 240.16b-3(e),

> a transaction must be "at the volition of the plan participant; not made as a result of the participant's death, retirement, or termination; not required to be available to the participant by the IRS; and result in an intra-plan transfer of equity securities or cash, "funded by a volitional disposition of an issuer security."

*Jordan*, No. 17-20346, at p. 5 (internal citations omitted).

The *Jordan* plaintiff contended that the transactions at issue were not exempt under Rule 16b-3(e) because they were not discretionary. *Id.* at 5. The *Jordan* plaintiff's basis for this contention was that the dispositions at issue were not "automatic" because, among other things, the plan authorized but did not require the company to withhold the shares. *Id.* at 5–6.

The Fifth Circuit held that the plaintiff's "bald legal conclusions. . . will not suffice to prevent a motion to dismiss," and affirmed the District Court's dismissal of the short-swing profit claims. *Id.* at 6 (internal quotation marks omitted).

The materiality of the "non-automatic" nature of Sealed Air Corporation's tax withholding right was the subject of briefing before this Court in connection with Defendants' motion to dismiss, filed on September 1, 2017, (Doc. No. 10). The Opinion provides further persuasive authority that even where exercise of a tax withholding right is not automatic, the withholding is not "discretionary." *Id.* at 5–6.

Respectfully submitted, this the 11th day of May, 2018.

/s/ Kathleen D.B. Burchette
James C. Smith
NC State Bar No. 8510
jsmith@nexsenpruet.com
Kathleen D.B. Burchette
NC State Bar No. 45891
kburchette@nexsenpruet.com
Nexsen Pruet, PLLC
227 W. Trade St.
Charlotte, NC  28202
Phone (704) 338-5358
Fax (704) 805-4735
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned counsel of record for the Defendants hereby certifies that on this date she served copies of the foregoing upon the Plaintiffs by depositing copies of same in the United States mail, postage prepaid, addressed to:

>John A. Olagues
>413 Sauve Road
>River Ridge, LA 70123
>
>Ray Wollney
>8331 Whiskey Preserve Circle #421
>Fort Myers, FL 33919

Respectfully submitted, this the 11th day of May, 2018.

/s/ Kathleen D.B. Burchette
Kathleen D.B. Burchette