UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00068-RJC-DCK

| | | |
|---|---|---|
| JOHN A. OLAGUES and<br>RAY WOLLNEY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | ORDER |
| JEROME PERIBERE and<br>SEALED AIR CORPORATION, | )<br>)<br>) | |
| Defendants. | )<br>) | |

**THIS MATTER** comes before the Court *sua sponte* concerning Plaintiffs' appearance *pro se* in a matter on behalf of an entity. John A. Olagues and Ray Wollney, who appear *pro se*, filed this action alleging that Defendant Jerome Peribere realized illegal "short swing" profits in violation of Section 16(b) of the Securities Exchange Act of 1934.

"Federal law authorizes shareholders to bring suit 'in the name and [o]n behalf of [a securities] issuer' to disgorge 'short-swing' profits improperly obtained by corporate insiders. But such suits are representative in nature; the corporate issuer—not the shareholder—is the real party in interest." Olagues v. Muncrief, 17-CV-153-GKF-TLW, 2017 WL 2471062, at *1 (N.D. Okla. June 6, 2017) (citing 15

U.S.C. § 78p(b); Gollust v. Mendell, 501 U.S. 115, 127 (1991)). Due to the representative nature of these actions, Plaintiffs may not appear *pro se*. Id.[1]

Prior to filing the complaint, Plaintiffs were well aware that, because they are not attorneys, they may not appear on behalf of the Sealed Air Corporation, the party in interest in this case. See Olagues v. Dimon, No. 1:14-cv-4872-GHW, 2014 U.S. Dist. LEXIS 197115, at *2 (S.D.N.Y. Aug. 28, 2014) (ordering Plaintiff Olagues to show cause as to why the action should not be dismissed for lack of counsel); see also Olagues v. Remondi, Civ. No. 1:17-cv-01004 (D. Del. Mar. 28, 2018) (ordering that counsel be retained under penalty of dismissal); Olagues v. Ravich, Civ. No. 2:17-cv-00938 (C.D. Cal. Jan. 5, 2018) (granting defendants' motion to dismiss the case the on the ground that complaint was filed *pro se*); Olagues v. Steinour, 2018 U.S. Dist. LEXIS 1701, at *6 (granting defendants' motion to strike the complaint on the ground that it was filed *pro se*); Olagues v. Timken, Civ. No. 5:17-cv-01870 (N.D. Ohio Jan. 3, 2018) (same); Olagues v. Muncrief, 2017 WL 2471062, at *1 (same). shareholder

**THEREFORE**, Plaintiffs are hereby **ORDERED TO SHOW CAUSE** as to why this case should not be dismissed for lack of counsel. Plaintiffs are directed to file a

---

[1] While Plaintiff is correct that he is not acting on behalf of the shareholders of Huntington, he is still acting on behalf of an entity—Huntington itself. Having a private right of action just means that an individual, rather than the SEC, can sue to enforce the provisions of Section 16(b). While Plaintiff has a private right of action to sue, he is still suing on behalf of another entity—the issuer—under the statute. Thus, he cannot appear pro se.

Olagues v. Steinour, No. 2:17-CV-49, 2018 U.S. Dist. LEXIS 1701, at *6 (S.D. Ohio Jan. 4, 2018)

response to that effect within the next fourteen (14) days.  Failure to file a response will cause the Court to dismiss this case.[2]

Signed: July 11, 2018

Robert J. Conrad, Jr.
United States District Judge

---

[2] See Olagues v. Dimon, 2014 U.S. Dist. LEXIS 197115, at *2 (requiring Plaintiff to do the same).