UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00068-RJC-DCK

| | |
|---|---|
| JOHN A. OLAGUES and RAY WOLLNEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ORDER |
| JEROME PERIBERE and SEALED AIR CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** comes before the Court on its previous Order to Show Cause, (Doc. No. 22), and Plaintiffs' Response, (Doc. No. 23). In its Order to Show Cause, the Court took note that Plaintiffs appear before the Court *pro se* while asserting an action alleging that Defendant Jerome Peribere realized illegal "short swing" profits in violation of Section 16(b) of the Securities Exchange Act of 1934. The Court cited to several cases stating that plaintiffs may not appear *pro se* in such matters.[1] Plaintiffs' Response failed to convince the Court that they may appear *pro se* in this

---

[1] (Doc. No. 22 at 2) (citing Olagues v. Dimon, No. 1:14-cv-4872-GHW, 2014 U.S. Dist. LEXIS 197115, at *2 (S.D.N.Y. Aug. 28, 2014) (ordering Plaintiff Olagues to show cause as to why the action should not be dismissed for lack of counsel); see also Olagues v. Remondi, Civ. No. 1:17-cv-01004 (D. Del. Mar. 28, 2018) (ordering that counsel be retained under penalty of dismissal); Olagues v. Ravich, Civ. No. 2:17-cv-00938 (C.D. Cal. Jan. 5, 2018) (granting defendants' motion to dismiss the case the on the ground that complaint was filed *pro se*); Olagues v. Steinour, 2018 U.S. Dist. LEXIS 1701, at *6 (granting defendants' motion to strike the complaint on the ground that it was filed *pro se*); Olagues v. Timken, Civ. No. 5:17-cv-01870 (N.D. Ohio Jan. 3, 2018) (same); Olagues v. Muncrief, 2017 WL 2471062, at *1 (same)).

1

case. In fact, in quoting Section 16(b) of the Security Exchange Act, Plaintiff emphasized the very language making their *pro se* status improper:

> For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) or a security-based swap agreement involving any such equity security within any period of less than six months, unless such security or security-based swap agreement was acquired in good faith in connection with a debt previously contracted, *shall inure to and be recoverable by the issuer*,

15 U.S.C.S. § 78p (emphasis added). "It is well settled that, since recovery is for the corporation, it is the real party in interest and the stockholder plaintiff is but the mere vehicle of recovery." Olagues v. Steinour, No. 2:17-CV-49, 2018 U.S. Dist. LEXIS 1701, at *4 (S.D. Ohio Jan. 4, 2018) (quoting Blau v. Lamb, 314 F.2d 618, 619-20 (2d Cir. 1963)). Because this cause of action is representative in nature, Plaintiffs cannot proceed *pro se*. Olagues v. Muncrief, No. 17-CV-153-GKF-TLW, 2017 U.S. Dist. LEXIS 89278, at *2 (N.D. Okla. June 6, 2017).

Pursuant to FED. R. CIV. P. 12(f), a court may, *sua sponte*, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because Plaintiffs failed to show cause as to why they may appear *pro se*, the Court **STRIKES** Plaintiffs' Complaint, (Doc. No. 1), and Amended Complaint, (Doc. No. 3). It is further **ORDERED** that Plaintiffs shall have a period of time not to exceed thirty (30) days to retain counsel and file an amended complaint if they wish to proceed in this Court. See Olagues v. Steinour, 2018 U.S. Dist. LEXIS 1701, at *8 (granting Defendant's Motion to Strike and directing Plaintiff to obtain

2

counsel and file an Amended Complaint). Failure to do so will result in this case's dismissal without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The Court **STRIKES** Plaintiffs' Amended Complaint, (Doc. No. 3);

2. Defendants' Motion for Judgment as a Matter of Law, (Doc. No. 10), is **DISMISSED as moot**; and

3. Plaintiffs have 30 days from the issuance of this order to retain counsel and file an amended complaint or this case will be dismissed without prejudice.

Signed: August 21, 2018

Robert J. Conrad, Jr.
United States District Judge