UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00068-RJC-DCK

| | |
|---|---|
| JOHN A. OLAGUES and RAY WOLLNEY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| JEROME PERIBERE and SEALED AIR CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

ORDER

**THIS MATTER** comes before the Court sua sponte.

Plaintiffs appear before the Court pro se asserting an action alleging that Defendant Jerome Peribere realized illegal "short swing" profits in violation of Section 16(b) of the Securities Exchange Act of 1934. Previously, the Court has instructed Plaintiffs that they may not appear pro se in such matters, citing various cases.[1]

---

[1] (Doc. No. 22 at 2) (citing Olagues v. Dimon, 2014 U.S. Dist. LEXIS 197115 (S.D.N.Y. Aug. 28, 2014) (ordering Plaintiff Olagues to show cause as to why the action should not be dismissed for lack of counsel); see also Olagues v. Remondi, Civ. No. 1:17-cv-01004 (D. Del. Mar. 28, 2018) (ordering that counsel be retained under penalty of dismissal); Olagues v. Ravich, Civ. No. 2:17-cv-00938 (C.D. Cal. Jan. 5, 2018) (granting defendants' motion to dismiss the case the on the ground that complaint was filed pro se); Olagues v. Steinour, 2018 U.S. Dist. LEXIS 1701, at *6 (granting defendants' motion to strike the complaint on the ground that it was filed pro se); Olagues v. Timken, Civ. No. 5:17-cv-01870 (N.D. Ohio Jan. 3, 2018) (same); Olagues v. Muncrief, 2017 WL 2471062, at *1 (same).

1

On August 21, 2018, the Court struck Plaintiffs' Amended Complaint, (Doc. No. 3), pursuant to Fed. R. Civ. Pro. 12(f) because Plaintiffs failed to show cause as to why they may appear pro se; dismissed as moot Defendants' Motion for Judgment as a Matter of Law, (Doc. No. 10); and instructed Plaintiffs that they had 30 days from the issuance of that order to retain counsel and file an amended complaint or this case would be dismissed without prejudice. (Doc. No. 24).

To date, it appears that Plaintiffs have not retained counsel, nor have they filed an Amended Complaint, and the time to do so has now expired. Accordingly, Plaintiffs have failed to prosecute their case, and dismissal is proper pursuant to Federal Rule of Civil Procedure 41(b):

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

It is Plaintiffs' burden to move this case forward, and Plaintiffs have failed to do so.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' case be **DISMISSED**. The Clerk of Court is directed to close this case.

Signed: February 6, 2019

Robert J. Conrad, Jr.
United States District Judge